

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-83,586-01

### EX PARTE TERRY WAYNE WILLIS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 65359-C IN THE 251ST DISTRICT COURT
### FROM POTTER COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a controlled substance in a drug-free zone and sentenced to twenty years' imprisonment. The Seventh Court of Appeals affirmed his conviction. *Willis v. State*, No. 07-13-00417-CR (Tex. App. — Amarillo, August 12, 2014)(not designated for publication).

Applicant contends, among other things,[1] that his trial counsel rendered ineffective assistance

---

[1]This Court has reviewed Applicant's other claims and finds them to be without merit.

because counsel failed to perform an independent investigation, failed to consult with Applicant prior to trial, failed to file any pre-trial motions, failed to raise the issue of Applicant's competency to stand trial, failed to make appropriate challenges during *voir dire*, failed to object to evidence of extraneous unadjudicated offenses, and failed to present any witnesses on Applicant's behalf.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. Specifically, trial counsel shall describe the investigation and trial preparation he conducted in this case. Trial counsel shall state whether he consulted with Applicant prior to trial, and whether he discussed options and strategy with Applicant. Trial counsel shall state whether he was aware of evidence suggesting that Applicant might not be competent to stand trial, and if so, whether he requested a competency evaluation. Trial counsel shall state whether there were any issues pertaining to the search and seizure in this case, and if so, whether he considered filing a motion to suppress on this basis. Trial counsel shall state whether he requested or received notice of the State's intent to introduce extraneous offense evidence in this case. Trial counsel shall state whether or not Applicant provided him with the names of any potential witnesses, and if so, whether those witnesses were called to testify on Applicant's behalf.

The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent.

If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.


Filed: August 26, 2015
Do not publish